IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RONALD REED, | ) |
| | ) |
| Plaintiff, | )     4:04cv3168 |
| | ) |
| vs. | )     MEMORANDUM AND ORDER |
| | ) |
| HAROLD W. CLARKE, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on the following pending motions: (1) filing no. 41, the plaintiff's Motion that My Being a Sex Offender Shall Have No Bearing on this case; (2) filing no. 42, the plaintiff's Motion to Suppress Character Witness Testimony; (3) filing no. 43, the defendants' Motion to Dismiss; (4) filing no. 46, the defendants' Motion to Stay Discovery; (5) filing no. 49, the plaintiff's Motion to Deny filing no. 46; (6) filing no. 50, the plaintiff's Motion Requesting the Court to Press Criminal Charges against Defendant Jim Larsen; (7) filing no. 52, the plaintiff's Motion to Dismiss Party; and (8) filing no. 53, the plaintiff's Motion to Move this Case to the Lower District Court of Lancaster County. In his complaint, the pro se plaintiff, Ronald Reed, seeks damages for the sexual harassment he claims to have experienced while he was in the custody of the Nebraska Department of Correctional Services ("DCS").[1]

Filing nos. 41 and 42 in essence constitute motions in limine in which the plaintiff seeks to exclude certain kinds of evidence from the trial of this matter and possibly from any pretrial proceedings. Before trial, "evidence should be excluded on a motion in limine '**only when** evidence is clearly inadmissible on **all** potential grounds ....' " Hawthorne Partners v. AT&T Technologies, Inc., 831 F. Supp. 1398, 1400-01 (N.D. Ill. 1993) (emphasis added).

> This court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved

---

[1] The plaintiff is presently in the Lincoln Regional Center pursuant to a mental health commitment. The Prison Litigation Reform Act ("PLRA") does not apply to persons in custody pursuant to the Mental Health Commitment Act, as the definition of "prisoner" in the PLRA does not include a person involuntarily committed for reasons of mental health. See, e.g., Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001).

> in proper context. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of the trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine.

Dartey v. Ford Motor Co., 104 F. Supp.2d 1017, 1020 (N.D. Ind. 2000), *quoting* Hawthorne Partners v. AT&T Technologies, Inc., 831 F.Supp. at 1400-01.  Accordingly, at this time, filing nos. 41 and 42 are denied.

In filing no. 50, the plaintiff asks the court to bring criminal charges against defendant-Jim Larsen for the acts described by the plaintiff in the complaint.  This court is not empowered to initiate criminal prosecutions.  In addition, any criminal offenses alleged by the plaintiff are based on statutes which do not afford the plaintiff a private cause of action for the alleged violations of law.  The plaintiff has no private right of action to bring criminal charges against a defendant.  Filing no. 50 is denied.

In filing no. 52, the plaintiff moves for voluntary dismissal of Harold W. Clarke as a defendant in the above-entitled case.  Filing no. 52 is granted, and Harold W. Clarke is hereby dismissed from this litigation.

In filing no. 53, the plaintiff indicates an interest in moving this litigation to a state court.  Federal district courts cannot transfer or move cases to a state court. The federal and state courts constitute separate legal systems.  The only method by which the plaintiff can achieve his goal of trying this case in state court is to move for voluntary dismissal, *without* prejudice, of the above-entitled case, and then file a new action in the state court.  I will give the plaintiff thirty (30) days from the date of this Memorandum and Order to file a motion for voluntary dismissal of this case, without prejudice, so that he may file a new action in the state court.  Until then, filing no. 43 is taken under advisement.  In the absence of a motion by the plaintiff for voluntary dismissal of this case, filing no. 43, the defendants' Motion to Dismiss, will be deemed ready for disposition upon expiration of the thirty (30) days.

In addition, filing no. 46, the defendants' Motion to Stay Discovery until resolution of the Motion to Dismiss, is granted.  Similarly, filing no. 49, the plaintiff's Motion to Deny filing no. 46, is denied.

THEREFORE, IT IS ORDERED:

1.   That filing no. 41, the plaintiff's Motion that My Being a Sex Offender Shall Have No Bearing on this case, and filing no. 42, the plaintiff's Motion to Suppress Character Witness Testimony, are denied, without prejudice to the plaintiff's right to object to particular evidentiary submissions when such evidence is offered;

2. That filing no. 43, the defendants' Motion to Dismiss, is taken under advisement for thirty (30) days after the date of this Memorandum and Order;

3. That filing no. 46, the defendants' Motion to Stay Discovery until resolution of their Motion to Dismiss, is granted;

4. That filing no. 49, the plaintiff's Motion to Deny filing no. 46, is denied;

5. That filing no. 50, the plaintiff's Motion Requesting the Court to Press Criminal Charges against Defendant Jim Larsen, is denied;

6. That filing no. 52, the plaintiff's Motion to Dismiss Party, is granted, and defendant-Harold W. Clarke is dismissed from this litigation; and

7. That filing no. 53, the plaintiff's Motion to Move this Case to the Lower District Court of Lancaster County, is denied; but the plaintiff shall have thirty (30) days from the date of this Memorandum and Order to file a motion for voluntary dismissal of this case, without prejudice, so that he may file a new action in the state court.

DATED this 5th day of May, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge