IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RONALD REED, | ) |
| | ) |
| Plaintiff, | )    4:04cv3168 |
| | ) |
| vs. | )    MEMORANDUM AND ORDER |
| | ) |
| HAROLD W. CLARKE, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on filing no. 43, the Motion to Dismiss filed by defendants-Harold W. Clarke, Kelly Ward and Jim Larson. In filing no. 52, the plaintiff voluntarily dismissed Harold W. Clarke as a defendant in this litigation. Another named defendant, Bettyanna Smith, was not served with process (filing no. 34). Therefore, the only remaining defendants are Kelly Ward and Jim Larson.

The plaintiff alleges that while he was an inmate at the Lincoln Correctional Center, Ms. Ward told the plaintiff: "I love you" and flirted with him. The plaintiff also alleges that Mr. Larsen, while conducting strip searches of the plaintiff, discussed fantasies about performing strip searches of female inmates. The defendants deny that those events ever happened. That matter need not be resolved, however, because, in either event, the complaint fails to state a claim on which relief may be granted for violation of the Constitution or laws of the United States.

Standing alone, simple verbal harassment does not constitute cruel and unusual punishment. See, e.g., Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004): "Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." See also Boddie v. Schnieder, 105 F.3d 857, 860, 861 (2d Cir. 1997) (male inmate's complaint asserting a small number of incidents in which he allegedly was verbally harassed, touched, and pressed against without his consent was properly dismissed, because "[n]o single incident that he described was severe enough to be 'objectively, sufficiently serious,'" nor were the incidents "cumulatively egregious in the harm they inflicted."). Assuming for purposes of the defendants' motion that the incidents described by the plaintiff occurred, the events did not rise to an actionable level of sexual harassment in violation of the United States Constitution.

THEREFORE, IT IS ORDERED:

1.    That filing no. 43, the defendants' Motion to Dismiss, is granted;

1

      2.      That all other pending motions are denied as moot;

      3.      That the plaintiff's claims arising under the Constitution and laws of the United States are dismissed with prejudice;

      4.      That the plaintiff's claims, if any, arising under Nebraska law are dismissed without prejudice; and

      5.      That judgment will be entered accordingly.

DATED this 20th day of June, 2005.

                                      BY THE COURT:

                                      s/ Joseph F. Bataillon
                                      JOSEPH F. BATAILLON
                                      Chief District Judge